# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3815-19

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

R.N.,[1]

     Defendant-Appellant.

_____

Submitted April 26, 2021 – Decided May 18, 2021

Before Judges Sabatino and Gooden Brown.

On appeal from the Superior Court of New Jersey, Law Division, Cumberland County, Indictment No. 11-12-1099.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Jennifer Webb-McRae, Cumberland County Prosecutor, attorney for respondent (Andre R. Araujo, Assistant Prosecutor, of counsel and on the brief).

---

[1] We use initials to protect the confidentiality of the victim. R. 1:38-3(c)(12).

PER CURIAM

Defendant appeals from the January 6, 2020 Law Division order denying his petition for post-conviction relief (PCR) without an evidentiary hearing. We affirm.

We glean these facts from the record. In 2011, defendant was charged in a twenty-three-count indictment with sexual assault and related offenses involving five different victims. After severance, in 2014, defendant was tried by a jury and convicted of the first nine counts of the indictment, all of which pertained to one of the five victims. Specifically, defendant was convicted of first-degree attempted murder, N.J.S.A. 2C:5-1 and 2C:11-3 (count one); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(3) (count two); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(6) (count three); first-degree aggravated sexual assault, N.J.S.A. 2C:14-2(a)(4) (count four); third-degree aggravated assault, N.J.S.A. 2C:12-1(b)(2) (count five); second-degree aggravated assault, N.J.S.A. 2C:12-1(b)(1) (count six); third-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count seven); fourth-degree unlawful possession of a weapon, N.J.S.A. 2C:39-5(d) (count eight); and third-degree criminal restraint, N.J.S.A. 2C:13-2(a) (count nine).

A-3815-19

This appeal is limited to those nine charges and that specific victim, who was abducted on the street by defendant and brutally and repeatedly raped and stabbed in a stairwell. Although the victim could not identify her attacker, DNA evidence linked defendant to the crimes. In 2015, defendant was sentenced to an aggregate term of thirty-six-years' imprisonment, subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, a special sentence of parole supervision for life, N.J.S.A. 2C:43-6.4, and restrictions under Megan's Law, N.J.S.A. 2C:7-1 to -23.

On direct appeal, in an unpublished decision, we vacated one of the aggravated sexual assault convictions (count two) "[b]ecause the record [did] not establish that defendant assaulted a third party during his sexual assault of the victim" as required under N.J.S.A. 2C:14-2(a)(3). State v. R.N., No. A-5783-14 (App. Div. Dec. 20, 2017) (slip op. at 19). We remanded for "re-sentencing on the remaining counts." Ibid. Thereafter, the Supreme Court denied defendant's petition for certification. State v. R.N., 235 N.J. 383 (2018).

On February 16, 2018, defendant was re-sentenced and received the same aggregate sentence.[2] On December 3, 2018, we affirmed the re-sentence on a

_____

[2] Instead of sentencing defendant to consecutive terms of eighteen years each on counts one and two as originally imposed, at the re-sentencing hearing, the

Sentence Only Argument (SOA) calendar, finding "that the sentence [was] not manifestly excessive or unduly punitive and [did] not constitute an abuse of discretion." See R. 2:9-11.

Thereafter, defendant filed a timely pro se petition for PCR, alleging ineffective assistance of trial and appellate counsel. With the assistance of assigned PCR counsel, defendant asserted, among other things,[3] that his trial and appellate attorneys were ineffective by failing to argue in connection with his re-sentencing that aggravating factor six did not apply. See N.J.S.A. 2C:44-1(a)(6) ("The extent of the defendant's prior criminal record and the seriousness of the offenses of which the defendant has been convicted[.]"). According to defendant, although he had a juvenile history, he had no prior adult criminal record, having just turned eighteen when he committed these crimes. Defendant also argued that his trial and appellate attorneys were ineffective by failing to challenge the jury charge on the third-degree aggravated assault offense

---

trial court sentenced defendant to consecutive terms of eighteen years each on counts one and three and merged the remaining counts.

[3] The other claims raised by defendant in his petition have been abandoned on appeal. See Drinker Biddle & Reath LLP v. N.J. Dep't of Law & Pub. Safety, 421 N.J. Super. 489, 496 n.5 (App. Div. 2011) (explaining that claims not addressed in the merits brief are "consider[ed] . . . abandoned").

A-3815-19

contained in count five where the judge mistakenly referred to defendant, instead of the State, as having the burden of proof on causation.

On January 6, 2020, the PCR court conducted oral argument, after which, in an oral opinion, the court rejected both contentions and denied the petition as "procedurally barred." See R. 3:22-4; R. 3:22-5. The court also determined there was no requirement for an evidentiary hearing. The court entered a memorializing order on the same date and this appeal followed.

On appeal, defendant raises the following arguments for our consideration:

> THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A [PRIMA FACIE] CASE OF COUNSELS' INEFFECTIVENESS.
>
> A. Trial and Appellate Counsel Failed to Pursue N.J.S.A. 2C:44-1a(6) as a Non-Aggravating Factor.
>
> B. Trial and Appellate Counsel Failed to Pursue the Trial Court's Erroneous Instruction That Defendant Must Prove Beyond a Reasonable Doubt That the Bodily Injury Sustained by the Victim Was Not So Unexpected or Unusual That It Would Be Unjust To Find the Defendant Guilty of Aggravated Assault.

The mere raising of a PCR claim does not entitle the defendant to an evidentiary hearing. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999). Rather, while "view[ing] the facts in the light most favorable to a defendant," State v. Preciose, 129 N.J. 451, 463 (1992), PCR judges should grant evidentiary hearings in their discretion only if the defendant has presented a prima facie claim of ineffective assistance of counsel (IAC), material issues of disputed fact lie outside the record, and resolution of those issues necessitates a hearing. R. 3:22-10(b); State v. Porter, 216 N.J. 343, 355 (2013); State v. Marshall, 148 N.J. 89, 158 (1997).

To establish a prima facie claim of IAC, a defendant must satisfy the two-pronged test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984), and adopted by our Supreme Court in State v. Fritz, 105 N.J. 42, 49-53 (1987). Under the Strickland/Fritz test, a defendant must show "by a preponderance of the credible evidence," State v. Goodwin, 173 N.J. 583, 593 (2002) (citing Preciose, 129 N.J. at 459), that: (1) "counsel's performance was deficient"; and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 58. The Strickland/Fritz test applies equally to both trial and appellate counsel. State v. Guzman, 313 N.J. Super. 363, 374 (App. Div. 1998); see also State v. Morrison, 215 N.J. Super. 540, 546 (App. Div. 1987).

6

To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 687, 694; see also Fritz, 105 N.J. at 52. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. "[A] court making the prejudice inquiry must ask if the defendant has met the burden of showing that the decision reached would reasonably likely have been different absent the errors." Id. at 696. "In particular, a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." Id. at 697. "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed." Ibid.

Additionally, a PCR claim is not a substitute for a direct appeal and thus must overcome procedural bars before it can even be considered on the merits. R. 3:22-3. To that end, "a defendant may not employ [PCR] to assert a new claim that could have been raised on direct appeal, Rule 3:22-4, or to relitigate a claim already decided on the merits, Rule 3:22-5." Goodwin, 173 N.J. at 593; see State v. McQuaid, 147 N.J. 464, 484 (1997) ("If the same claim is adjudicated on the merits on direct appeal a court should deny PCR on that issue,

thereby encouraging petitioners to raise all meritorious issues on direct appeal.").

Applying these principles to this record, we are satisfied that defendant's contentions were properly rejected without an evidentiary hearing. See State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) ("[W]e review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."); State v. Reevey, 417 N.J. Super. 134, 147 (App. Div. 2010) ("[I]t is within our authority to conduct a de novo review of both the factual findings and legal conclusions of the PCR court" where, as here, no evidentiary hearing was conducted (citations and internal quotation marks omitted)).

Regarding count five, while reiterating the burden of proof for causation, defendant correctly points out and the State concedes that the trial court mistakenly instructed the jury:

> In other words, the [d]efendant must prove beyond a reasonable doubt that the bodily injury sustained by [the victim] was not so unexpected or unusual that it would be unjust to find the [d]efendant guilty of [a]ggravated [a]ssault.
>
> [Emphasis added.]

8

Trial counsel failed to object at trial and, despite challenging the jury charge on appeal, appellate counsel failed to raise this specific error. However, even if defendant's claim is not procedurally barred, defendant has failed to establish prejudice as required under the Strickland/Fritz test.

To be sure, "[c]orrect charges are essential for a fair trial," State v. Martin, 119 N.J. 2, 15 (1990), but we "evaluate any alleged error in a portion of a jury charge in the context of the entire charge." State v. Marshall, 173 N.J. 343, 355 (2002). Here, the single misstatement was fleeting and paraphrased a preceding instruction that was correct. Further, the trial court correctly instructed the jury throughout the entire charge that the burden of proving each element of each offense beyond a reasonable doubt rested on the State and remained on the State at all times. Consequently, we are satisfied that the verdict reached by the jury and the outcome of the appeal would not have been different absent the error in the jury charge.[4]

Defendant also argues that both his trial and appellate attorneys were ineffective for failing to challenge the sentence imposed at the re-sentencing hearing as excessive based on the erroneous application of aggravating factor

---

[4] Notably, count five was merged into count one (attempted murder) at the re-sentencing hearing.

A-3815-19

six. Given our prior affirmance of the re-sentence based on a finding that the sentence was not manifestly excessive, unduly punitive, or constituted an abuse of discretion, we agree with the PCR judge that this claim is procedurally barred. "[A] prior adjudication on the merits ordinarily constitutes a procedural bar to the reassertion of the same ground as a basis for post-conviction review." Preciose, 129 N.J. at 476.

In any event, defendant has again failed to establish prejudice as required under the Strickland/Fritz test. At the re-sentencing hearing, in addition to aggravating factor six, the sentencing court found aggravating factor two "as to the [a]ttempted [m]urder charge," see N.J.S.A. 2C:44-1(a)(2) ("[t]he gravity and seriousness of harm inflicted on the victim"), and aggravating factors three and nine as to all the charges. See N.J.S.A. 2C:44-1(a)(3) ("[t]he risk that the defendant will commit another offense"); N.J.S.A. 2C:44-1(a)(9) ("[t]he need for deterring the defendant and others from violating the law"). The court accorded substantial weight to the aggravating factors and found no mitigating factors.

Regarding aggravating factor two, the court explained that "after the victim was already viciously sexually assaulted," she "sustained significant life-threatening injuries. She was partially disemboweled and sustained multiple

stab wounds." As to aggravating factor three, acknowledging that defendant had no "adult record," having turned "[eighteen] years of age" only "five months" prior to the commission of the offenses, the judge recounted defendant's extensive juvenile history consisting of "five adjudications [of delinquency], three [v]iolations of [p]robation, and one violation of [p]arole." As to aggravating factor nine, the judge found "a need not only for general deterrence but also specific deterrence . . . in light of [defendant's] past juvenile record." Further, after analyzing the factors enunciated in State v. Yarbough, 100 N.J. 627 (1985), and characterizing the case as "a[] horrific case," the judge concluded that "consecutive sentencing [was] appropriate" based on the separate and distinct "injuries," "objective[s]," and "acts of violence." Thus, we are satisfied that defendant has not met his burden of showing that the sentence imposed "would reasonably likely have been different" absent consideration of aggravating factor six. Strickland, 466 U.S. at 696.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION